**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KONSTANTINOS NATSIS, *Plaintiff*, v. TOWNSHIP OF WEEKAKEN, et al., *Defendants*. | Civil Action No. 20-12942 **OPINION & ORDER** |

On September 22, 2020, *pro se* Plaintiff Konstantinos Natsis filed a Complaint that asserted federal civil rights claims against numerous Defendants. In a December 17, 2020 letter, Plaintiff appears to indicate that he served Defendants via mail. D.E. 23. Plaintiff again states that he sent notice of this matter to Defendants via mail in a January 29, 2021 letter. In the January letter, Plaintiff also explains that he mailed each Defendant a request to waive service of summons but that no Defendant agreed to waive service. D.E. 6.

Federal Rule of Civil Procedure 4 governs the requirements for proper service. *DiSantis v. Allied Constr., LLC*, No. 17-11379, 2018 WL 3647210, at *3 (D.N.J. July 31, 2018). A plaintiff must serve a summons and complaint on each defendant in a matter within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). But under Federal Rule of Civil Procedure 4(d), a plaintiff may request that a defendant waive service of summons. Fed. R. Civ. P. 4(d)(1). Here, Plaintiff states that he requested that Defendants waive service but no Defendant signed the request for waiver. D.E. 6. Accordingly, Plaintiff must demonstrate that he served Defendants.

Pursuant to Rule 4(e), an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction

in the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(e)(1). New Jersey Court Rule 4:4-3 permits service of process by certified mail only when "personal service cannot be effected after a reasonable and good faith attempt." N.J. Ct. R. 4:4-3. In this instance, Plaintiff does not explain why he could not affect personal service. As a result, Plaintiff's service by mail failed to comply with Rule 4(e)(1).

If a defendant is not served within 90 days, as required by Rule 4(m), a court, "on motion or on its own . . . must dismiss the action without prejudice against that defendant . . . . [b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). To determine whether good cause exists, a court may consider factors such as (1) the reasonableness of plaintiff's efforts to serve; (2) prejudice to the defendant from the lack of timely service; and (3) whether plaintiff moved for an enlargement of time to serve. *Thalasinos v. Volvo Cars of N. Am. LLC*, No. 14-7954, 2016 WL 3436407, at *2 (D.N.J. June 16, 2016). In addition, the Third Circuit equates "good cause" under Rule 4(m) "with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2)." *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). Excusable neglect requires "a demonstration of good faith on the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Thalasinos*, 2016 WL 3436407, at *2 (quoting *MCI Telecomms. Corp.*, 71 F.3d at 1097)).

Here, given Plaintiff's *pro se* status, his failure to serve Defendants appears to have been in good faith. Plaintiff mistakenly attempted to serve Defendants via mail and also requested that Defendant waive service pursuant to Rule 4(d). Moreover, it does not appear that Defendants will be prejudiced by Plaintiff's lack of timely service.

As a result, for the reasons stated above and for good cause shown,

IT IS on this 18th day of February, 2021,

**ORDERED** that service is quashed as to each Defendant and Plaintiff is **GRANTED** a forty-five (45) day extension from receipt of this Opinion and Order upon which to properly effect service upon Defendants in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk's Office is directed to reissue summons as to each Defendant.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　John Michael Vazquez, U.S.D.J.